

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (hereinafter "AGREEMENT"), made on September 30, 2005, is by and among **BAUSCH & LOMB INCORPORATED ("B&L")** a corporation of the State of New York with principal offices at One Bausch & Lomb Place, Rochester, NY 14604-2701, and **PERRIGO COMPANY AND L. PERRIGO COMPANY** hereinafter collectively referred to as **"PERRIGO"** a corporation of the State of Michigan with principal offices at 515 Eastern Avenue, Allegan, MI 49010. B&L and PERRIGO are each sometimes referred to individually as a "Party" and jointly as the "Parties" to this AGREEMENT.

## WITNESSETH:

WHEREAS, B&L a joint owner and licensee of all rights in the field of ophthalmology, including the right to enforce, of United States Patent No. 6,660,297 (the "'297 Patent") which was duly and lawfully granted on December 9, 2003 to Stephen P. Bartels, Cara L. Baustian, George E. Bunce, Leon Ellenbogen, Frederick L. Ferris III, Jin Kinoshita, James C. Smith and David A. Souerwine entitled "Nutritional Supplement to Treat Macular Degeneration,"

WHEREAS, the '297 patent is valid and enforceable;

WHEREAS, PERRIGO has infringed the '297 patent by making, using, importing, offering to sell or selling, compositions including Advanced Eye Formula for CVS (collectively, the "PRODUCTS"), that are claimed in the '297 Patent;

WHEREAS, B&L initiated Civil Action No. 05-CV-6409 in the United States District Court for the Western District of New York (the "ACTION") charging PERRIGO with

1

infringement, inducement of infringement and contributory infringement of the '297 patent under 35 U.S.C. §§ 271(a), (b) and (c);

WHEREAS, the ACTION is currently pending in the Western District of New York;

WHEREAS, PERRIGO has represented to B&L that it has ceased or caused to cease the manufacture of the PRODUCTS or any other product claimed in the '297 patent;

WHEREAS, PERRIGO is currently under certain contractual obligations to third parties, namely, those listed in Exhibit A which obligates PERRIGO to provide the PRODUCTS to such customers;

WHEREAS, PERRIGO is in possession of current inventory which permits PERRIGO to meet its contractual obligations to the third parties listed in Exhibit A without the further manufacture of the PRODUCTS or any other product claimed in the '297 patent;

WHEREAS, B&L is willing to permit PERRIGO to continue to sell its current inventory of the PRODUCTS to the customers listed in Exhibit A, by means of PERRIGO's current inventory of the PRODUCTS;

WHEREAS, B&L and PERRIGO desire to amicably settle and resolve all controversies, past, present, and future, relating to the ACTION, to the '297 patent and to PERRIGO's manufacture and sales of the PRODUCTS or any other product claimed in the '297 patent;

**NOW, THEREFORE**, in consideration for the premises and the mutual covenants herein contained, B&L and PERRIGO agree as follows:

2

1. **DEFINITIONS**

    1.1    An "AFFILIATE" of a Party shall mean any corporation, partnership, limited partnership, limited liability company, association, company, organization, or other entity directly or indirectly controlled by, controlling, or under common control with that Party. For the purpose of this AGREEMENT, "control" or "controlling" mean (a) the ownership, directly or indirectly, or more than fifty percent (50%) of the voting stock or equivalent interest in such other entity; or (b) the existence of any other relationship between the Party and such other entity that results in effective managerial control by one over the other.

    1.2    The "EFFECTIVE DATE" shall mean the date in the first paragraph of the AGREEMENT.

    1.3    "AGREEMENT" shall mean this Agreement, including all Appendices attached to this Agreement.

2. **RELEASES**

    2.1    Subject to PERRIGO satisfying its obligations and maintaining the representations, warranties and covenants in this AGREEMENT, B&L and its AFFILIATES, and their directors, officers, employees, agents and attorneys, hereby release and forever discharge PERRIGO and its AFFILIATES, and their directors, officers, employees, agents and attorneys, from any and all liabilities, obligations, claims, demands, damages, or causes of action, whether known or unknown, asserted or unasserted, present or future, certain or contingent, fixed or liquidated whether at law or in equity, arising from, relating to, or in connection with the PRODUCTS, including (a) any claims or counterclaims which were asserted or which could have

been asserted in the ACTION and any claim for attorneys fees, costs or expenses; and (b) any claim arising from the defense of the ACTION; PROVIDED, HOWEVER, that the releases set forth in this paragraph shall not release the Parties from their respective obligations under this AGREEMENT.

2.2  PERRIGO and its AFFILIATES, and their directors, officers, employees, agents and attorneys, hereby release and forever discharge B&L and its AFFILIATES, and their directors, officers, employees, agents and attorneys, from any and all liabilities, obligations, claims, counterclaims, demands, damages, or causes of action, whether known or unknown, asserted or unasserted, present or future, certain or contingent, fixed or liquidated whether at law or in equity, arising from, relating to, or in connection with any claims or counterclaims which were asserted or which could have been asserted in the ACTION, including without limitation: (a) any claim based on antitrust or unfair competition, and any claim for attorneys fees, costs or expenses; (b) any claim arising from the initiation and prosecution of the ACTION, and (c) any claims based on the invalidity, unenforceablity or non-infringement of the '297 patent; PROVIDED, HOWEVER, that the releases set forth in this paragraph shall not release the Parties from their respective obligations under this AGREEMENT.

3.  **DISMISSALS**

3.1  B&L and PERRIGO shall jointly file, within five (5) days of the EFFECTIVE DATE, a "CONSENT DECREE AND FINAL JUDGEMENT," in the form set forth in Appendix A.

4

4. **PAYMENTS**

   4.1   The parties agree that there will be no cash payments or other commercial consideration passing from one Party to the other than as explicitly set forth in this AGREEMENT.

5. **ASSIGNMENT**

   5.1   This AGREEMENT and the rights, releases, and discharges granted herein and the obligations hereunder may not be assigned by any Party without the express written consent of all the other Parties. Notwithstanding the foregoing, any Party may, without the consent of the other Parties, assign or otherwise transfer its rights under this AGREEMENT as part of the sale, by transfer of assets, stock or otherwise, to any one or more successors to all or any part of their businesses. This AGREEMENT shall be binding upon and inure to the benefit of the Parties hereto, their permitted assigns, trustees or receivers in bankruptcy, or successors by merger, purchase of assets or otherwise.

6. **REPRESENTATIONS**

   6.1   B&L represents, warrants and covenants that it has full corporate power and authority to enter into this AGREEMENT, that it is a joint owner and licensee of all rights in the field of ophthalmology, including the right to enforce, of the '297 patent and has the right to grant the releases and discharges granted hereunder.

   6.2   PERRIGO represents, warrants and covenants that it has full corporate power and authority to enter into the AGREEMENT and has the right to grant the releases and

discharges granted hereunder.

    6.3    PERRIGO represents that the '297 patent is valid and enforceable and that the '297 patent is infringed by the PRODUCTS.

    6.4    PERRIGO represents, warrants and covenants that it has, as of September 1, 2005, ceased or caused to cease the manufacture of the PRODUCTS and any other product or subject matter claimed in the '297 patent, and that no such manufacture shall resume prior to the expiration of the '297 patent.

    6.5    Subject to Paragraphs 6.8 – 6.10 below, PERRIGO represents, warrants and covenants that it will not make, use, sell, offer for sale or import any product or subject matter claimed in the '297 patent, prior to the expiration of the '297 patent.

    6.6    Subject to Paragraphs 6.8 – 6.10 below, PERRIGO represents, warrants and covenants that it will not induce others to make, use, sell, offer for sale or any product or subject matter claimed in the '297 patent, prior to the expiration of the '297 patent.

    6.7    Subject to Paragraphs 6.8 – 6.10 below, PERRIGO represents, warrants and covenants that it will not make, use, sell, offer for sale or import components or materials of the subject matter claimed in the '297 patent, knowing the same to be especially made or especially adapted for use in an infringement of the '297 patent, prior to the expiration of the '297 patent.

    6.8    PERRIGO represents, warrants and covenants that PERRIGO is currently under certain contractual obligations to third parties, namely, those listed in Exhibit A, which obligates PERRIGO to provide the PRODUCTS on a customer by customer basis as indicated in Exhibit A.

6.9     PERRIGO represents, warrants and covenants that PERRIGO is in possession of current inventory of approximately 8.1 million units (individual tablets) of Products, with a total wholesale value of less than one hundred thousand dollars ($100,000.00), which permits PERRIGO to meet its contractual obligations with third parties, namely, those listed in Exhibit A without the further manufacture of the PRODUCTS or any other product or subject matter claimed in the '297 patent.

6.10    B&L represents, warrants and covenants that B&L is willing to permit PERRIGO to continue to sell its current inventory of the PRODUCTS exclusively to the third parties listed in Exhibit A, in amounts not to exceed that which has already been packaged for sale to such third parties and shipped to such third parties prior to October 31, 2005.

6.11    Except as expressly provided herein, nothing contained in this AGREEMENT shall be construed as:

    (a)    a warranty or representation or covenant that the exercise of rights granted under this AGREEMENT shall be free from infringement of patents, other than the '297 patent; or

    (b)    an agreement, understanding, or obligation of any kind by any Party to bring or prosecute actions or suits against any third parties for infringement, or conferring any right to bring or prosecute actions or suits against third parties for infringement; or

    (c)    a grant of any right, by license or otherwise, by any Party to the other, under any Party's patents, patent applications, trademark, copyright, know-how, or other intellectual property rights.

7. **GOVERNING LAW**

    7.1    This AGREEMENT shall be governed and interpreted in accordance with the laws of the State of New York, U.S.A.

8. **WAIVER**

    8.1    Either party's failure to enforce any provision of this AGREEMENT against the other party shall not be construed as a waiver thereof so as to excuse the other party from future performance of that provision or any other provision herein.

9. **SEVERABILITY**

    9.1    The invalidity of any portion of the AGREEMENT shall not affect the validity of the remaining portions thereof.

10. **ENTIRE AGREEMENT**

    10.1    This AGREEMENT constitutes the entire agreement between the parties. No statements, promises, or inducements made by any party to this AGREEMENT, or any AFFILIATES, directors, officers, employees, agents or attorneys of either party, which are not contained in this written contract shall be valid or binding. This AGREEMENT may not be enlarged, modified, or altered except in writing signed by the parties.

11. **COUNTERPARTS**

11.1   This AGREEMENT shall be executed in two (2) counterparts and each such counterpart shall be deemed an original hereof.

IN WITNESS WHEREOF, the Parties hereto have caused this AGREEMENT to be executed by their duly authorized representatives as of the dates shown below.

BAUSCH & LOMB INCORPORATED
By: *[signature]*
Printed Name: Robert B. Stiles
Title: Senior Vice President and General Counsel
Date: 9/23/05

PERRIGO COMPANY
By: *[signature]*
Printed Name: John T. Hendrickson
Title: Exec Vice-President - Perrigo
Date: 9/20/05

L. PERRIGO COMPANY
By: *[signature]*
Printed Name: John T. Hendrickson
Title: EVP & General Manager - Perrigo CHC
Date: 9/20/05

APPROVED-LEGAL *[initials]*

NY_MAIN 400199v1

9

## EXHBIT A

<u>Customer Name</u>

Meijer
Daily Source
Healthy Ideas
Sun Mark
Good Neighbor
Western Family
Leader
Medicine Shoppe
Topcare
CVS
American Fare

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BAUSCH & LOMB INCORPORATED,

   Plaintiff,

v.

PERRIGO COMPANY AND L. PERRIGO COMPANY

   Defendants.         05-CV-6409 T(P)

---

## CONSENT DECREE AND FINAL JUDGMENT

ON THIS DAY, came for consideration the Joint Motion for Entry of Consent Decree and Final Judgment filed by Plaintiff BAUSCH & LOMB INCORPORATED, ("B&L") and Defendant PERRIGO COMPANY AND L. PERRIGO COMPANY hereinafter collectively referred to as "PERRIGO". The Court is of the opinion that the Motion should be, and is hereby GRANTED.

It is therefore ORDERED, ADJUDGED and DECREED, as final judgment, that:

1.  U.S. Patent No. No. 6,660,297 (the "'297 Patent") is and remains valid and enforceable; AS BETWEEN THE PARTIES:

*[handwritten: MAT 10/4/05]*

2.  PERRIGO's commercial manufacture, use, sale, offer for sale and/or importation of compositions claimed in the '297 Patent, including but not limited to Advanced Eye Formula for CVS, would infringe the '297 patent;

3. The parties agree that the issues of patent validity, enforceability and infringement resolved in this Consent Decree and Final Judgment are concluded with finality and on the merits among the parties;

4. Each party is to bear its own costs and attorney fees;

5. This Court shall retain exclusive jurisdiction over the parties to enforce the terms of this Consent Decree and Final Judgment. In the event of any dispute arising under this Consent Decree and Final Judgment, the prevailing party shall be entitled to its reasonable attorneys' fees and costs incurred in connection with the litigation of any such dispute.

DATED: this __4__ day of October, 2005

*[signature]*
HONORABLE MICHAEL A. TELESCA
UNITED STATED DISTRICT COURT JUDGE

NY_MAIN 400195v1